IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECIA HOLLAND,

          Plaintiff,

      v.

CITY OF SAN FRANCISCO, et al.,

          Defendants.

NO. C10-2603 TEH

ORDER ON MOTIONS IN LIMINE

After carefully considering the parties' written arguments on the motions in limine, the Court finds oral argument to be unnecessary and now rules as follows:

Plaintiff's Motions in Limine Nos. 1 and 2 seek to exclude evidence of the general need for jail security and strip searches. The Court GRANTS both motions for the same reasons. Motion No. 1 seeks to exclude evidence of contraband entering the San Francisco County Jail on the persons of detainees other than Plaintiff Elecia Holland as irrelevant under Federal Rules of Evidence ("Rules") 401 and 402 and alternatively, as more prejudicial than probative under Rule 403. Defendants argue that the evidence is relevant to evaluating whether the strip search was reasonable under "the totality of the circumstances." Dkt. No. 124 at 2. Motion No. 2 seeks to exclude "improper" testimony by defense expert Michael Pickett in support of the overall reasonableness of the jail's strip search policy. Defendants want Mr. Pickett to testify about the "dangers [people brought into custodial facilities] pose to jail staff and jail security" and "why strip searching persons brought into the jails and prisons through any type of intake facility serves the peanological [sic] purposes of safety within the jails." Dkt. No. 125 at 1. Further, they assert that he may testify as to the "need to

1  strip search arrestees at the start of the intake process" and "why a jail would begin the intake
2  process with a strip search." *Id.*

3     Defendants ignore the law of the Ninth Circuit and the law of this case. As a matter of
4  law, reasonable, individualized suspicion is required for strip searches of detainees charged
5  with minor offenses and not classified for housing in the general jail population. March 11
6  Order at 12; *Edgerly v. City & County of San Francisco,* 599 F.3d 946, 957 (9th Cir. 2010)
7  (holding reasonable, individualized suspicion is required to strip search person who "was
8  never placed in the general jail population"); *Bull v. City & County of San Francisco*, 595
9  F.3d 964, 981 & n.17 (9th Cir. 2010) (en banc) ("We do not, however, disturb our prior
10 opinions considering searches of arrestees who were not classified for housing in the general
11 jail or prison population."); *cf. Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*,
12 132 S. Ct. 1510, 1522 (2012) ("This case does not require the Court to rule on the types of
13 searches that would be reasonable in instances where . . . a detainee will be held *without*
14 *assignment to* the general jail population" (emphasis added)). Expert testimony supporting
15 the reasonableness of Defendants' strip search policies is irrelevant to the jury's
16 determination whether Holland was classified for housing in the general population of the jail
17 and whether Defendants had reasonable, individualized suspicion that Holland was carrying
18 or concealing contraband. Evidence of contraband smuggling by detainees other than
19 Holland is likewise irrelevant to these determinations. Both types of evidence are highly
20 likely to confuse the issues, mislead the jury, waste time, and prejudice Holland's right to a
21 jury determination on the narrow factual issues relevant to her claims. Accordingly,
22 Plaintiff's Motions Nos. 1 and 2 are GRANTED under Rules 401, 402, and 403.

23

24     Plaintiff's Motion in Limine No. 3 seeks to exclude testimony and photographs of the
25 injuries sustained by other victims of excessive force to be presented by police practices
26 expert Don Cameron. Holland argues the evidence is irrelevant, inflammatory and
27 prejudicial under Rule 403, and is improper expert testimony. Defendants argue that Mr.
28 Cameron has been "certified in other cases as an expert in the identification of markings

2

caused by weaponless defense techniques" and that he will offer the photographs of others' injuries to help the jury understand his conclusion that "Plaintiff's photographs of her injuries are inconsistent with her claims that she was kicked and slammed to the ground." Dkt. No. 126 at 2. In order to evaluate the relevancy and necessity of this evidence, as well as Mr. Cameron's qualifications to offer this testimony, the Court will wait to rule on this motion until it reviews the expert's report.

Plaintiff's Motion in Limine No. 4 seeks to exclude testimony by Defendant John Burke of Holland's intoxication at the time of her arrest. The motion is DENIED. Evidence that Holland was intoxicated is relevant both to determining whether the level of force applied was objectively reasonable under the circumstances and to evaluating Holland's testimonial qualities of memory and perception of the incident. Burke's failure to note Holland's intoxication earlier goes to the weight of his testimony, not its admissibility. The probative value of the proposed testimony is not substantially outweighed by the danger of unfair prejudice.

Plaintiff's Motion in Limine No. 5 seeks to exclude evidence of Holland's subsequent arrest for drunk driving as irrelevant under Rule 401, impermissible character evidence under Rule 404(b), and prejudicial under Rule 403. The motion is GRANTED. Defendants argue that the arrest is relevant to the jury's evaluation of the damages she requests due to her anxiety. While the evidence may be relevant to damages, its marginal probative value is substantially outweighed by the danger that it will mislead the jury, confuse the issues, and cause the jury to draw impermissible inferences about Holland's character or about Holland's conduct during the arrest at issue in this case. Fed. R. Evid. 403 & 404(b).

Defendants' Motion in Limine No. 1 seeks to exclude "evidence, argument, and insinuation that the District Attorney elected not to pursue criminal charges" against Holland. Dkt. No. 111 at 2. The motion is DENIED. Evidence that the District Attorney did not

3

1    pursue any criminal charges against Holland is relevant to whether the level of force used
2    against Holland was objectively reasonable under the circumstances and to whether the jail
3    officials had reasonable suspicion that Holland was carrying or concealing contraband.  The
4    probative value of this evidence is not substantially outweighed by the minimal Rule 403
5    dangers posed by its introduction.

7    <u>Defendants' Motion in Limine No. 2</u> seeks to exclude evidence of complaints to the
8    San Francisco Police Department's Office of Citizen Complaints ("OCC") regarding
9    incidents involving the Defendant officers that are unrelated to Holland's arrest.  Defendants
10   also seek to exclude all other "evidence of grievances, claims, allegations, complaints,
11   litigation or acts of wrongdoing about the defendant officers, except for those brought by
12   Plaintiff in this case."[1] Dkt. No. 112 at 4.
13       Defendants specifically request the exclusion of evidence of OCC complaints
14   concerning a Defendant officer's conduct in searching a home and pulling over a suspect in a
15   parking lot and evidence related to a Defendant officer's conduct with respect to a crime of
16   which the officer was a victim.  With respect to these requests, Defendants' motion is
17   GRANTED as unopposed.
18       Holland opposes Defendants' motion with respect to two unsustained OCC
19   complaints.  These complaints allege that the officers, respectively: (1) exhibited
20   homophobic behaviors and shoved a protester during an unrelated event; and (2) violently
21   took down an anti-war protester who questioned the officer.  Holland contends that the two
22   complaints are offered not as improper character evidence, but instead to show that the
23   officers acted with malice, an issue material to her punitive damages claim.  However, a
24   mini-trial would be required to provide sufficient proof for the jury to find that the events
25   described in the unsustained OCC complaints happened.  The limited probative value of
26   these OCC complaints with regard to Holland's request for punitive damages is substantially

---

[1] The Court does not mention the officers by name in this order because the information from Defendant officers' personnel files is subject to a stipulated protective order. *See* Dkt. No. 53.

4

1  outweighed by the danger of confusing the issues, undue delay, and waste of time. Fed R.
2  Evid. 403. Defendants' request to exclude these complaints and related testimony is
3  therefore GRANTED.

4  Holland also opposes Defendants' request to exclude evidence relating to a
5  disciplinary action against a Defendant officer arising out of an unrelated incident, which
6  Holland seeks to introduce to show the officer's willingness to lie. Extrinsic evidence of this
7  specific instance of the officer's past conduct is not admissible, but if he testifies, Holland
8  may question him about the incident to attack his character for truthfulness on cross-
9  examination. Fed. R. Evid. 608(b).

10  Holland does not specify any other "evidence of grievances, claims, allegations,
11  complaints, litigation or acts of wrongdoing about the defendant officers, except for those
12  brought by Plaintiff in this case" that she seeks to admit. Defendants' motion to exclude this
13  evidence is therefore GRANTED without prejudice. Should Holland wish to introduce any
14  other such evidence, she shall make a showing outside the presence of the jury as to its
15  admissibility under Rules 401, 402, 403, and 404(b). Counsel are advised that the Court will
16  not permit any mini-trials about the Defendant officers' past conduct unrelated to the
17  incident at issue in this case.

19  <u>Defendants' Motion in Limine No. 3</u> seeks to exclude evidence of statements made by
20  Defendant John Burke in an April 20, 2010 letter to the OCC. The motion is GRANTED as
21  unopposed. The parties agree that Burke's opinions about witness credibility and the OCC
22  process may not be introduced, but that Holland may use other statements by Burke in the
23  letter that are relevant, and she may use the letter to impeach Burke.

25  <u>Defendants' Motion in Limine No. 4</u> seeks to exclude as hearsay a notation in the
26  comments box of a "jail count sheet" from May 27, 2009 at 6:22 a.m. that states: "house
27  alone Holland Felecia [sic]." Dkt. No. 132 at 4. The motion is DENIED. The notation is
28  admissible, with proper foundation, as a record of regularly conducted business activity

under Rule 803(6). It is also admissible as an opposing party's statement offered against the party under Rule 801(d)(2), and as evidence of Defendants' plan or intent with respect to Holland's housing under Rule 803(3).

**IT IS SO ORDERED.**

Dated: 4/16/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT