IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECIA HOLLAND,

                Plaintiff,

       v.

CITY OF SAN FRANCISCO, et al.,

                Defendants.

NO. C10-2603 TEH

ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 3

On April 16, 2013, the Court deferred ruling on Plaintiff's Motion in Limine No. 3, in which Plaintiff moved to exclude from evidence photographs that defense expert Don Cameron wishes to use to illustrate his testimony about the types of injuries that may occur during a lawful arrest. Defendants subsequently submitted a copy of both Mr. Cameron's report and the photographs that are the subject of Plaintiff's motion.

It is unclear from Defendants' submission whether their expert wishes to use the photographs merely to illustrate the types of injuries that could occur during a lawful arrest or as examples of injuries that did occur during lawful arrests. In either case, the photographs are inadmissible. First, they have very low probative value, especially if offered merely to show the types of injuries that could occur during a lawful arrest. They would add little, if anything, to the expert's testimony that scrapes and bruises can occur during a lawful arrest.

Second, the photographs would gain, at best, only slightly more probative value if they illustrate injuries that in fact did occur during lawful arrests. Establishing the fact of a lawful arrest in each instance illustrated by the photographs, however, would be extremely time-consuming, cause undue delay, and ultimately be distracting to the jury. Regardless of what preliminary showing might be made outside the presence of the jury, there would almost certainly be conflicting evidence for the jury about what happened in each instance.

1  As a result, this trial would devolve into a series of mini-trials about various incidents that
2  have only very tangential value for resolving the issues in this case.

3  Third, particularly given the low probative value of the photographs for merely
4  illustrating the defense expert's testimony, there is a substantial and unjustified risk that the
5  jury – with the natural expectation that evidence presented to it will be actually useful in
6  resolving the issues – will be confused and unfairly prejudiced by the photographs. For
7  example, jurors may infer that plaintiff was lawfully arrested because her injuries were not
8  substantially different from those shown in the defense photographs. However, to properly
9  make the comparison, one would need to know a great deal about the similarities among the
10 various incidents, including such variables as how many officers were involved, how much
11 resistance the arrestees posed, and what the physical surroundings may have contributed to
12 injury. None of these matters is apparent from the photographs alone, and establishing the
13 details of each arrest would only augment the time-consumption and undue delay problems
14 noted previously.

15 Fourth, there are particular problems with the photograph showing the swollen lip.
16 *See* Docket No. 148 at 19 (captioned "Fell on face running from Police"). It is the most
17 prejudicial photograph because it is the most inflammatory; and it is the least relevant
18 photograph both because, according to its caption, the injury did not occur during an arrest,
19 and because, in any event, Plaintiff did not suffer a facial injury. Whether Plaintiff did or did
20 not suffer a facial injury says nothing about whether the force used to subdue her was legal or
21 illegal.

22 Finally, the Court notes and rejects an arguable use for the photographs that is hinted
23 at in Defendants' Opposition to Plaintiff's Motion in Limine No. 3. The photographs, with
24 the exception of the swollen lip photograph, if they are alleged to show the results of legal
25 force and are similar to Plaintiff's photographs, may tend to rebut an inference of excessive
26 force that could be drawn from Plaintiff's photographs. However, neither Plaintiff's expert
27 nor any other witness for Plaintiff has testified that Plaintiff's photographs constitute
28 independent proof of excessive force. Rather, Plaintiff has introduced her photographs

simply to show the results of what she claims was excessive force. Any inference of excessive force from Plaintiff's photographs alone – *i.e.*, in the absence of believable testimony about the allegedly illegal force – would be extremely weak and speculative. Moreover, for Defendants' evidence to rebut an inference of illegal force, Defendants would have to establish, at a minimum, that (1) the injuries depicted in Defendants' photographs occurred during lawful arrests, (2) the arrestees offered no more resistance than Plaintiff did, and (3) the circumstances in each case were similar. These showings would inevitably involve the types of time-wasting, distracting mini-trials discussed above.

For the foregoing reasons, the Court rules that the probative value of Defendants' photographs is substantially outweighed by the risk of confusing the issues, misleading the jury, and wasting time. Accordingly, Plaintiff's motion to exclude such evidence is GRANTED under Federal Rule of Evidence 403.

**IT IS SO ORDERED.**

Dated: 4/29/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3