IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECIA HOLLAND,

           Plaintiff,

v.

CITY OF SAN FRANCISCO, et al.,

           Defendants.

NO. C10-2603 TEH

ORDER RE: OBJECTIONS TO JURY INSTRUCTIONS

On April 29, 2013, the Court distributed to the parties proposed jury instructions in this case. The parties raised objections to the proposed jury instructions at a hearing on April 30, 2013. Additionally, Plaintiffs filed a written objection on April 30, 2013. (Document No. 160.) Having carefully considered the parties' written and oral arguments, the Court now rules as follows:

**A. Proposed Instruction No. 26 (Fourth Amendment Search)**[1]

Proposed Instruction No. 26 pertains to Holland's Fourth Amendment strip-search claim. Defendants objected to the phrase "who is not classified for housing in the general population of a jail," arguing that it should be replaced with the phrase "who is not scheduled to be placed in the general population." The Ninth Circuit, sitting en banc, used the phrase "arrestees who were not classified for housing in the general jail or prison population" in a case involving a challenge to the City and County of San Francisco's strip search policy. *Bull v. City and County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010). Subsequently, a Ninth Circuit panel used the phrase "who are not classified for housing in the general jail

---

[1] This Instruction will be renumbered Instruction No. 24 in the final instructions.

1  population" in *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 957 (9th Cir.
2  2010). In *Edgerly*, the court reversed a district court decision granting summary judgment to
3  the City and County of San Francisco in a strip search case involving an individual who was
4  cited and released. *Id*. In light of these decisions, the Court will use the phrase "classified
5  for housing" in the final version of Instruction No. 26.[2]

6  Defendants also object to the Court's failure to include a definition of the term "minor
7  offense" in Proposed Instruction No. 26. However, Defendants have not proposed a specific
8  instruction on the meaning of the term, and in response to Plaintiff's proposed instruction,
9  Defendants argued that whether "the crime [of battery on a police officer] is 'minor' is not in
10 issue." (Document No. 139 at 3). Neither party has identified any case law regarding what
11 constitutes a "minor offense" in the present context. The case law on strip searches more
12 generally is primarily concerned with whether the offense with which a particular detainee
13 has been charged, by its nature, gives rise to individualized suspicion that a detainee may be
14 carrying or concealing contraband. *Compare Thompson v. City of Los Angeles*, 885 F.2d
15 1439, 1447 (9th Cir. 1989) (strip search justified based on grand theft auto charge), *with*
16 *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 716 (9th Cir. 1990) (charge of grand
17 theft of ring does not justify strip search). The Court therefore will not instruct the jury on
18 the legal definition of "minor offense." However, since Holland requested an instruction on
19 the meaning of "minor offense" and Defendants now appear to agree that one is needed, if
20 the parties agree on a definition of "minor offense" that will govern in this case, or if they
21 wish to enter a stipulation as to whether the crimes with which Holland was charged were
22 "minor offenses," the Court will read that definition or stipulation to the jury. Any such
23 filing must be posted to ECF **no later than 8:00 a.m. on May 2, 2013.**

---

[2] However, Defendants are permitted to argue, based on the evidence in the case, that Holland was, in fact, "classified for housing in the general population of the jail" at the time of Plaintiff Elecia Holland's strip search.

2

**B. Proposed Instruction No. 28 (California Penal Code § 4030(f))**[3]

Defendants objected to the inclusion of the third element of this instruction, which they argue does not apply to the facts of this case. The parties have, however, requested that the Court give numerous other instructions that include elements that are not in dispute. The language in Proposed Instruction No. 28 is taken directly from the statute. If the parties wish to stipulate that the third element is not in dispute, they may do so. The Court will not, however, remove an element from the instruction based on Defendants' oral representation that it does not apply.

The Court also rejects Defendants' suggestion that the words "prior to placement in the general jail population" be modified because the jury might interpret it to mean that a detainee cannot be searched until she is physically placed in the general population of a jail. This language is taken directly from the statute. Reading the statutory language in context and with a dose of common sense, it is sufficiently clear that a strip search conducted immediately before a detainee is physically placed in the general jail population, and after circumstances demonstrate that the detainee is destined for the general population, does not per se violate section 4030(f). *See Bull v. City and County of San Francisco*, 2006 WL 449148, at *20 (9th Cir. 2006).

The Court also rejects Defendants' request that the jury be instructed that the charge of battery on a police officer under California Penal Code section 243(b) is a crime involving violence. There is enough evidence in the case to put into dispute whether Holland's actions involved violence, a mere offensive touching, or no battery at all.

In response to Holland's written objection, the Court has revised the part of this instruction that touches on whether California Penal Code section 243(b) is a crime involving violence, adopting Holland's proposed revision in part. The final portion of the instruction now reads:

> A BATTERY ON A POLICE OFFICER MAY OR MAY NOT
> INVOLVE VIOLENCE, DEPENDING ON THE
> CIRCUMSTANCES. A BATTERY IS ANY WILLFUL AND

---

[3] This Instruction will be renumbered Instruction No. 25 in the final instructions.

3

UNLAWFUL USE OF FORCE OR VIOLENCE UPON THE PERSON OF ANOTHER. THE LEAST TOUCHING MAY CONSTITUTE A BATTERY.

## C. Introductory Instructions

The Court has taken into consideration Defendants' various objections to the introductory instructions and appreciates that Defendants took the time to compare them word-for-word to the Ninth Circuit's model jury instructions. The Court has been using these instructions for many years and sees no reason to revise them now. However, the Court has modified Instruction No. 5 at Defendants' request to add the words "or heard."

## D. Miscellaneous Changes

At Defendants' request, the Court has removed Instruction No. 9 and Instruction No. 18, on oral admissions and impeachment evidence, respectively, and renumbered the remaining instructions accordingly. The parties agreed that Instruction No. 18 should be removed, and the Court does not see the necessity of instructing the jury on oral admissions based solely on Holland's out-of-court admission that she was stepping in and out of the street, given that she made the same admission on the witness stand.

**IT IS SO ORDERED.**

Dated: 5/1/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4