IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECIA HOLLAND,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>            Defendants. | NO. C10-2603 TEH<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, A NEW TRIAL |

On May 2, 2013, the jury in this case reached a verdict for Defendants on all claims. Plaintiff Elecia Holland ("Holland") now contends that she is entitled to judgment as a matter of law or, in the alternative, a new trial on her Fourth Amendment unreasonable search claim against Defendant City and County of San Francisco. The Court heard oral argument on Holland's post-trial motions on July 22, 2013. Having carefully reviewed the trial record and considered the parties' written and oral arguments, the Court now DENIES both motions for the reasons discussed below.

## I.   Declaration by Jury Foreperson

As an initial matter, under Federal Rule of Evidence 606, the Court strikes the declaration of the jury foreperson submitted by Holland. Rule 606 provides that:

> During an inquiry into the validity of a verdict . . . , a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the

> verdict. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Fed. R. Evid. 606(b)(1). The only exceptions to this rule are that "[a] juror may testify about whether: "(A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2). The last category includes only clerical errors and not whether "the jurors were operating under a misunderstanding about the consequences of the result they agreed upon" or "how the jury interpreted the court's instructions." Fed. R. Evid. 606 advisory committee's notes to 2006 Amendments. The testimony contained in the submitted declaration does not fall under any of these exceptions and is therefore improper under Rule 606(b)(1). The statements contained in the Green and Swanson Declarations concerning Holland's counsel's conversations with other jurors are inadmissible for the same reason, in addition to being inadmissible hearsay under Federal Rule of Evidence 802.

## II.     Motion for Judgment as a Matter of Law

The Court next addresses Holland's motion for judgment as a matter of law, which was brought under Rule 50(b) of the Federal Rules of Civil Procedure. A party who seeks judgment as a matter of law must file a motion under Rule 50(a) "at any time before the case is submitted to the jury . . . specify[ing] the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). The motion may be renewed after trial under Rule 50(b). "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." Fed. R. Civ. P. 50 advisory committee's note on 2006 amendments.

Defendants contend that Holland did not satisfy the requirement of filing a preverdict motion under Rule 50(a). However, this requirement "may be satisfied by an ambiguous or inartfully made motion," particularly if a judge does not give the moving party a full opportunity to present a Rule 50(a) motion. *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th

2

Cir. 1989) (holding that an attempt to make a motion at the close of evidence satisfies Rule 50(a) where the court interrupts the motion and instructs counsel to renew the motion after the verdict). In this case, Holland's counsel stated her intention to move for judgment as a matter of law on Holland's Fourth Amendment unreasonable search claim, but the Court denied the motion before counsel explained her reasons for it. May 1, 2013 Rep. Tr. at 4:2-7, Docket No. 186. This was sufficient to satisfy Holland's obligations under Rule 50(a).

Turning to the merits, judgment as a matter of law "is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (internal quotation marks and citation omitted). Thus, Holland is entitled to judgment as a matter of law only if it was unreasonable for the jury to conclude, based on the evidence construed in a light most favorable to Defendants, that Holland's strip search did not violate her Fourth Amendment rights.

The Court cannot reach that conclusion. Holland agrees that a strip search of someone classified for housing in the general population would not violate the Fourth Amendment, and the Court finds that the jury could reasonably have found that Holland was so classified. Although Holland did not go through the classification screening process, the jury heard evidence that the purpose of that screening process was to determine whether an inmate would be housed in a minimum, medium, or maximum security facility and not whether the inmate would be housed in "general population." Apr. 30, 2013 Rep. Tr. at 26:6-18, Docket No. 185 (testimony by Matthew Freeman, Chief Deputy of the Sheriff Department's Custody Division). The jury also heard evidence that while Holland was housed in a cell by herself, there was nothing on Holland's housing card that indicated that she would be placed anywhere other than in the general population, *id.* at 27:21-28:2; that being housed alone in a cell in County Jail 1, as Holland was, does not mean that the inmate is not in the general population of the jail, *id.* at 26:23-27:3; and that inmates in County Jail 1 have the opportunity to interact with other inmates who have already been searched and who are preparing to move to other housing units, *id.* at 28:14-20. In addition, the jury heard

3

1  evidence that, at the time of Holland's strip search, the San Francisco County Jail did not
2  have the ability to house pre-arraignment detainees apart from the general population.[1]
3  Viewing this testimony in a light most favorable to Defendants, the jury could have
4  reasonably concluded that Holland was classified for housing in the general population.
5  Holland is therefore not entitled to judgment as a matter of law on her Fourth Amendment
6  unreasonable search claim, and her Rule 50(b) motion is DENIED.

### III.  Motion for a New Trial

The Court now turns to Holland's motion for a new trial.  Under Federal Rule of Civil Procedure 59(a), "[a] court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  Granting a new trial is proper "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal quotation marks and citation omitted).  Holland contends that she is entitled to a new trial on her strip search claim because the verdict form erroneously prevented the jury from reaching a verdict against the City and County of San Francisco and because the jury instructions also prevented the jury from reaching such a verdict, in addition to misstating the law governing strip searches.  The Court addresses each argument in turn.

#### A.  Verdict Form

Under *Monell v. Dep't of Soc. Servs.*, a municipal government entity such as the City and County of San Francisco may be held liable under § 1983 for injuries inflicted by the acts of its officers if such injuries are pursuant to official policy.  436 U.S. 658, 694 (1978). Holland contends that the verdict form erroneously prevented the jury from reaching a verdict as to the liability of the City and County of San Francisco for its Sheriff's

---

[1] Although neither party ordered a transcript of her testimony, the parties agree that Kathy Gorwood, the Facility Commander at County Jail 1 at the time of Holland's strip search, so testified.

4

Department's strip search policy.[2]  In a challenge to a verdict form, a court is to consider "whether the questions in the form were adequate to obtain a jury determination of the factual issues essential to judgment." *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996). Here, the form asked the jury one question with respect to Holland's Fourth Amendment strip search claim: "Did Holland prove that Barnes strip searched Holland in violation of her Fourth Amendment right to be free from unreasonable searches?"  Verdict Form at 2, Docket No. 168.  Holland contends that this language allowed the jury to only evaluate Defendant Barnes's conduct, and not the County's liability for the department policy that directed Barnes's conduct.  Holland's argument, however, is contradicted by the very language of the verdict form.

While the verdict form question did not identify the County and City explicitly, the question that was asked of the jury was whether Barnes's search was unconstitutional.  The language focused on the strip search itself, not the person carrying out the search.  Thus, the question allowed the jury to evaluate both the policy animating the search, as well as Barnes's execution of the search.  As the parties had stipulated that Barnes's conduct was pursuant to policy, the only real question that could have remained for the jury was an evaluation of the Sheriff's Department's policy.  *See* Jury Instruction 15, Docket No. 163 at 24 (reciting the parties' stipulations of fact to the jury, including that the strip search Barnes performed was pursuant to department policy)

Holland makes much of the idea that a municipality may be liable under *Monell* even if none of its individual officers is liable.  This is a correct statement of the law, but one that is inapplicable to Holland's *Monell* claim, which was based solely on the strip search performed by Barnes.  *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) (holding that

---

[2] Defendants argue that Holland waived her right to object to the verdict form by not objecting to it before the jury retired.  Rule 49(a)(3) of the Federal Rules of Civil Procedure provides that "[a] party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury, unless before the jury retires, the party demands its submission to the jury."  At the close of evidence, Defendant Barnes was granted qualified immunity, and the parties discussed changes to the verdict form to address the newly limited scope of the jury's task.  As the chronology of events during this period – including the submission of proposed verdict forms, and the raising of objections – is somewhat obscure in the record, the Court declines to rule that the issue is waived and discusses the merits of Holland's challenges.

5

1  a *Monell* claim survived the exoneration of the individual officers involved because the
2  plaintiff's wrongful detention did not happen "as a result of actions of the individual officers,
3  but as a result of the collective inaction of the Long Beach Police Department.")  If the strip
4  search that Barnes performed was reasonable, no Fourth Amendment violation occurred.
5  And "[i]f no constitutional violation occurred, the municipality cannot be held liable." *Long*
6  *v. City and County of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007) (internal quotation marks
7  and citation omitted).  The question asked in the verdict form – "Did Holland prove that
8  Barnes strip searched Holland in violation of her Fourth Amendment right to be free from
9  unreasonable searches?" – was the only question the jury needed to answer in order to decide
10 whether the City and County of San Francisco was liable under *Monell*.  The verdict form
11 therefore did not prevent the Jury from reaching a verdict on Holland's Fourth Amendment
12 strip search claim against the City and County of San Francisco.

### B.   Jury Instructions

14        "Jury instructions must fairly and adequately cover the issues presented, must
15 correctly state the law, and must not be misleading." *White v. Ford Motor Co.*, 312 F.3d 998,
16 1012 (9th Cir. 2002).  Each party is "entitled to an instruction about his or her theory of the
17 case if it is supported by law and has foundation in the evidence," but a court's rejection of
18 "proposed jury instructions that are properly supported by the law and the evidence" will not
19 require reversal if the error is harmless. *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009)
20 (internal quotation marks and citations omitted).  "In evaluating jury instructions, prejudicial
21 error results when, looking to the instructions as a whole, the substance of the applicable law
22 was not fairly and correctly covered." *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th
23 Cir. 2001) (internal quotation marks, citations, and alteration omitted).

24        Holland raises two objections to the jury instructions that she contends entitle her to a
25 new trial.  First, she asserts that Instructions Nos. 24 and 33 confused and misled the jury into
26 *not* evaluating the constitutionality of the Sheriff's Department's Strip Search policy.  Mot. at
27 16.  She asserts, without specific reference to any single part of Instruction 24, that the
28 instruction "obscured the jury's task" and that Instruction 33 "explicitly directed them not to

consider the policies of the County." *Id.* Instruction 24 stated: "If you find that Holland has proved Barnes's strip search deprived Holland of her rights under the Fourth Amendment to the United States Constitution, you must find that she has proved all the elements of her claim against the City and County of San Francisco." Jury Instruction 24, Docket No. 163 at 40. In fact the instruction explicitly required the jury to find the City and County liable, were the search unconstitutional. Instruction 33 clarified for the jury that the standards for liability in the case were grounded in the United States Constitution, and did not depend on whether the Sheriff's Department and its officers had acted pursuant to Department policy. It stated "general orders and policies of the San Francisco Police Department and Sheriff's Department . . . do not establish the standard for liability in this case. The standards for determining whether Defendants violated a statutory or constitutional right are set out in these instructions." *Id.* at 59. Taken together, these instructions unambiguously directed the jury to evaluate Holland's strip search, including the City and County policy behind it, and to do so under the Fourth Amendment, and not the Sheriff's Department's policy. There was no error in these instructions.

  Holland's second objection is that the jury instructions misstated the law with respect to the constitutionality of strip searches. Specifically, she argues that the Court should have instructed the jury on the meaning of the words "classified" for general population and "violence," and also instructed them to consider other factors in determining the reasonableness of the search, such as whether she had been seen by a magistrate and whether the jail had the ability to house her separately from the general population. She draws these other factors from Justice Alito's concurrence in *Florence v. Bd. of Chosen Freeholders*, in which he posited that it may not be "always reasonable to conduct a full strip search of an arrestee whose detention has not been reviewed by a judicial officer and who could be held in available facilities apart from the general population." 132 S. Ct. 1510, 1524 (2012). These factors, however, are not found in *Florence*'s holding, and the Court's decision to instead use the test set out by the Ninth Circuit in *Bull v. City and County of San Francisco* and *Edgerly v. City and County of San Francisco* – whether the detainee was classified for housing in the

7

jail's general population at the time of the strip search – was not error. *See Bull*, 595 F.3d 964, 981 (9th Cir. 2010); *Edgerly*, 599 F.3d 946, 957 (9th Cir. 2010).

As for her claims regarding the definition of specific terms,[3] a court does not err "by failing to define a word when it is a common word which an average juror can understand and which the average juror could have applied to the facts of [the] case without difficulty." *United States v. McCaleb*, 552 F.3d 1053, 1059 (9th Cir. 2009). The term "classified" is certainly within the province of an average juror's mind. While it can take many forms and have different meanings in different applications, the jury heard substantial evidence as to Holland's particular classification circumstances and was in a position to make its determination without the Court's assistance as to the meaning of "classification." The Court notes that the term "classified for general population" is nowhere defined in the strip search cases Holland cites, in Justice Alito's *Florence* concurrence, or in Holland's proposed instructions. Thus, the Court sees no error in failing to instruct further on this matter.

Contrary to Holland's contentions, the Court was also not required to instruct the jury that battery on a police officer was not sufficiently associated with "violence" to justify a strip search. In the first instance, there is no clear definition of a crime of violence as it relates to searches under the Fourth Amendment, nor can it be said there is a consistent and accepted definition applicable in all other contexts. *Cf. United States v. Moore*, 921 F.2d 207, 210 (9th Cir. 1990) (holding that the term violence was within the ordinary experience of the jury and there was no error in failing to define it). More importantly, Holland offers no case law to support the contention that in this context, battery on a police officer is not a crime of violence such that the jury should been instructed as much. In fact, the act allegedly taken by Plaintiff here – swinging her elbow at a police officer – could be construed as an act

---

[3] When a motion for a new trial is premised on an objection to a jury instruction, Federal Rule of Civil Procedure 51 requires that the movant preserve the objection by raising it before the jury retires. *See* Fed. R. Civ. P. 51(c)(1) ("[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection."). Although Holland proposed other instructions, those instructions did not provide definitions for "classified" and "violence" and thus cannot be construed to preserve the objections she now presents. The Court nevertheless address the merits of Holland's claims, even though they were not properly preserved.

8

of violence, and the Court was correct to permit the jury to reach their own conclusion as to that point. The jury instructions independently and taken together did not misstate the law or confuse the jury, and do not warrant a new trial.

### IV. Conclusion

For the reasons given above, Holland's motions for judgment as a matter of law and for a new trial are DENIED.

**IT IS SO ORDERED.**

Dated: 12/19/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT